BLD-120                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1806
_____

YOUJIAN ZOU,
                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
Immigration Judge: Honorable Eugene Pugliese
(Agency No. A089-198-110)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 14, 2013

Before: SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:  August 20, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner Youjian Zou, a citizen of the People's Republic of China proceeding pro

se, petitions for review of the Board of Immigration Appeals's ("BIA") order denying his

motion to reopen. For the following reasons, we will dismiss his petition for review as moot.

Zou entered the United States in September 2007 on a visitor visa. Zou overstayed his visa and in July 2008 the Department of Homeland Security issued a notice to appear, charging Zou with removal. During removal proceedings Zou admitted that he overstayed his visa and that removability was justified but he filed applications for asylum, withholding of removal, and withholding of removal under the Convention Against Torture. Zou's basis for relief was fear that officials in China would forcibly sterilize him in order to enforce birth limits and that he may face repercussions for leaving China and violating birth control policies. In June 2009, an Immigration Judge ("IJ") denied Zou's applications for asylum and withholding of removal because he concluded that Zou was not credible and did not satisfy the burdens for relief.

Zou appealed the IJ's denial of his applications. In July 2011, the BIA dismissed the appeal after concluding that the IJ's finding, that Zou's testimony was incredible, was not clearly erroneous. In October 2011, Zou filed a motion to reopen. In his motion to reopen, Zou claimed that he recently married a U.S. citizen and that she had filed an immediate relative visa petition on his behalf. Zou argued that his case should be reopened and remanded to the IJ so that he could apply for adjustment of status based on the pending visa petition. The Department of Homeland Security opposed the motion on the basis of the finding that Zou was not credible before the IJ. The Board found that Zou's motion did not include evidence establishing that his marriage was bona fide, as

2

required by In re Velarde-Pachecho, 23 I. & N. Dec. 253, 256 (BIA 2002), and denied his motion.

In March 2012, Zou filed a timely pro se petition for review with this Court. In his brief in support of his petition for review, Zou argued that his motion to reopen met the basic filing requirements set forth in 8 U.S.C. § 1229a(c)(7), and that because United States Citizenship and Immigrations Services ("USCIS") had accepted his immediate relative visa and scheduled an interview on his adjustment of status application he should have the opportunity to proceed with an application for adjustment of status before the IJ. The Attorney General moved to hold the petition for review in abeyance pending USCIS's adjudication of Zou's application for adjustment of status or until 120 days after his interview with USCIS. The Clerk granted the Attorney General's motion to stay.

In January 2013, the Attorney General submitted a status report indicating that USCIS had revoked Zou's previously accepted immediate relative visa petition after concluding that his marriage was not bona fide but rather had been entered into for the purpose of evading the immigration laws of the United States. Subsequently, the Attorney General filed a motion requesting dismissal because USCIS's decision rendered the case moot. The Attorney General noted that Zou's wife had thirty days to appeal USCIS's revocation but did not do so; as a result it is final. Zou has not responded to the Attorney General's motion.

In his petition for review, Zou argues that the pending immediate relative visa petition filed by his wife constitutes changed circumstances and that the BIA should have

granted his motion to reopen so that he could present the evidence of his new status to the IJ. However, adjudication in federal court requires that "an actual controversy . . . be extant at all stage of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 442 U.S. 395, 401 (1975); see also Church of Scientology of Cal. v United States, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed."). Since the filing of Zou's petition for review, USCIS revoked Zou's wife's immediate relative visa petition. Zou's request, that we remand to the IJ so he can present evidence of his pending immediate relative visa, would no longer be "effectual relief," because, due to the revocation, Zou cannot show evidence of changed status to the IJ. In sum, because Zou is no longer eligible for an adjustment of status on the basis of the reason proffered in his motion to reopen, his claim that the BIA erred in failing to consider whether such an adjustment warrants reopening is no longer a live controversy for us to review. See Cnty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979).

For the foregoing reasons, we will grant the Attorney General's motion and dismiss the petition for review.